**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **WESLEY GARDNER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | **Civil Action Number:** |
| **EMPIRE PARKING SERVICES, INC.** | : | |
| **and WILLIAM H. SCHMEELK, III,** | : | |
| | : | <u>**Jury Trial Demanded**</u> |
| **Defendants.** | : | |

**COMPLAINT**

Plaintiff, Wesley Gardner, by and through the undersigned counsel, brings this Complaint against Defendants Empire Parking Services, Inc. ("Empire") and William H. Schmeelk, III and ("Schmeelk") and pleads as follows:

**INTRODUCTION**

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) receive minimum wage for work weeks in which the employer failed to pay him; (2) an additional like amount as liquidated damages; (3) recover overtime pay that was denied him and an additional amount as liquidated damages; and (4) to be reimbursed for his costs of litigation, including his reasonable attorneys' fees.

- 1 -

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Empire is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Plaintiff resides within Fulton County, Georgia.

5.

Empire employed Plaintiff as a Booting Technician in and around Atlanta, Georgia from July 2011 until December 20, 2012.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of Empire as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about July 2011 until December 20, 2012, Plaintiff has been "engaged in commerce" as an employee of Empire as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about July 2011 until December 20, 2012, Plaintiff  has been engaged in the "production of goods for commerce" as an employee of  Empire  as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Empire is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Empire has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about July 2011 until December 20, 2012, Empire was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2011, Empire had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2012, Empire had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Empire had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Empire had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2011, Empire had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, Empire had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2011, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

19.

During 2012, Empire had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

20.

At all times material hereto, Empire was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

21.

 Empire is subject to the personal jurisdiction of this Court.

22.

Empire may be served with process through its registered agent, William H. Schmeelk, 1039 Grant Street, Atlanta, Georgia 30315.

23.

Schmeelk resides within Cobb County, Georgia.

24.

At all times material hereto, Schmeelk exercised operational control over the work activities of Plaintiff.

25.

At all times material hereto, Schmeelk was involved in the day to day operation of the Empire restaurant in which Plaintiff worked.

26.

At all times material hereto, Empire vested Schmeelk with supervisory authority over Plaintiff.

27.

At all times material hereto, Schmeelk exercised supervisory authority over Plaintiff.

28.

At all times material hereto, Schmeelk scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

29.

At all times material hereto, Schmeelk exercised authority and supervision over Plaintiff's compensation.

30.

At all times material hereto, Schmeelk has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

31.

Schmeelk is subject to the personal jurisdiction of this Court.

32.

Schmeelk may be served with process at his residence located at 1188 Indian Hills Parkway, Marietta, Georgia 30068.

33.

At all times relevant to this suit and while an employee of Empire, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

34.

At all times relevant to this suit and while an employee of Empire, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

35.

At all times relevant to this suit and while an employee of Empire, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

36.

At all times relevant to this suit and while an employee of Empire, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

37.

At all times relevant to this suit and while an employee of Empire , Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of  29 USC § 213 (a).

38.

At all times relevant to this suit, Defendants have misclassified Plaintiff as an independent contractor.

39.

At all times material hereto, Defendants compensated Plaintiff on a commission only basis.

40.

At all times relevant to this suit and while an employee of  Empire , Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. §  213.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

41.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

42.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

43.

At all times material hereto, Defendants failed to pay Plaintiff an hourly wage.

44.

At all times material hereto, Plaintiff's sole form or remuneration for the work he performed for Defendants was the receipt of commissions from Defendants.

45.

From on or about July 2011 through December 20, 2012, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

46.

From on or about July 2011 through December 20, 2012, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

47.

Plaintiff is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

48.

As a result of the underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

49.

As a result of the underpayment of minimum wages, Defendants are liable to Plaintiff for her litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTME

50.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

51.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

52.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

53.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2011 through December 20, 2012.

54.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2011 through December 20, 2012.

55.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

57.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about July 2011 through December 20, 2012 due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

> **DELONG CALDWELL BRIDGERS**
> **& FITZPATRICK, LLC**
>
>
> /s/CHARLES R. BRIDGERS
> CHARLES R. BRIDGERS
> GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

> /s/ KEVIN D. FITZPATRICK, JR.
> KEVIN D. FITZPATRICK, JR.
> GA. BAR NO. 262375
>
> **COUNSEL FOR PLAINTIFF**