## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (hereinafter the "Agreement") is entered into by and between the following Parties: Empire Parking Services, Inc. and William H. Schmeelk, III. ("Defendants") and Wesley Gardner ("Plaintiff") (collectively the "Parties"):

WHEREAS, Plaintiff and Defendants are parties to a civil action pending in the United States District Court for the Northern District of Georgia, Atlanta Division, styled *Wesley Gardner, Plaintiff v. Empire Parking Services, Inc. and William H. Schmeelk, III., Defendants,* Civil Action No. 1:13-cv-00282-CAP (hereinafter referred to as the "Litigation"), which action arises out of or relates to the employment of or work performed by the Plaintiff;

WHEREAS, pursuant to the Litigation, Plaintiff claims that the Defendants intentionally and willfully failed to pay him the required compensation under the Fair Labor Standards Act ("FLSA") and Defendants deny these allegations;

WHEREAS, Plaintiff and Defendants desire to enter into an agreement resolving and settling all claims, allegations and causes of action asserted or which could have been asserted by Plaintiff in the Litigation that arise out of or relate to compensation for any work performed by Plaintiff for Defendants;

WHEREAS, Plaintiff warrants and represents that he has not assigned any of the claims against Defendants that are released in this Agreement to any other person or entity and that no attorneys other than Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of DeLong Caldwell Bridgers & Fitzpatrick, LLC have a claim for attorneys' fees and/or costs arising from Plaintiff's claims released in this Agreement; and

WHEREAS, this Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims and allegations that were asserted or could have been asserted by Plaintiff in the Litigation arising out of or relating to compensation for any work performed by Plaintiff for Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendants, or any of their officers, employees, and/or other agents acted contrary to law or violated the rights of Plaintiff or any other person at any time.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. **Consideration.** In consideration of this Agreement and other good and sufficient consideration, including Plaintiff's agreement to dismiss with prejudice the Litigation, Defendants agree to pay a total sum of Twenty Thousand and no/100 Dollars ($20,000.00), payable as follows:

   a. The sum of Fifteen Thousand Dollars ($15,000.00) payable to Plaintiff Gardner in the form of: (i) a check for alleged unpaid wages in the gross amount of Seven Thousand Five Hundred Dollars ($7,500.00), from which all federal, state, and other applicable taxes and withholdings shall be subtracted and for which Plaintiff Gardner will receive a Form W-2; and (ii) a check for alleged liquidated damages in the amount of Seven Thousand Five Hundred Dollars ($7,500.00) (with no withholdings or deductions) for which a Form 1099 which indicates payment in "Box 3" as other income shall issue to Plaintiff Gardner.

   b. The sum of Five Thousand Dollars ($5,000.00) to Kevin D. Fitzpatrick, Jr. (Plaintiff's counsel) for attorneys' fees and costs, by way of a check for which a Form 1099 shall issue to Plaintiff's counsel and Plaintiff.

   c. Plaintiff agrees to pay all taxes, if any, which may be deemed owing on the payments under this section, except for Defendants' portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages. Plaintiff further agrees that he will indemnify and hold Defendants and their related and affiliated entities harmless from and against any taxes, penalties and/or interest that might arise from any challenge by the Internal Revenue Service or similar state agency to Plaintiff's tax treatment of any amounts paid to them, except for any challenge associated with Defendants' responsibility for the employer portion of FICA and other employer portion tax contributions associated with the payment designated as unpaid wages.

   d. Plaintiff represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. and the firm of DeLong Caldwell Bridgers & Fitzpatrick, LLC are and have been the sole attorneys for them with respect to the Litigation and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Litigation; and that all legal fees, costs, and/or expenses for which Defendant could be liable in connection with the Litigation are discharged.

    e. The settlement checks described in paragraphs 1 a. and b. shall be transmitted to Plaintiff's counsel within the time period specified in paragraph 3 below.

  2. **Release & Waiver of All Claims.**  In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, his heirs and assigns, fully and absolutely **RELEASE AND FOREVER DISCHARGE** Defendants, and each of their present and former parents, subsidiaries, affiliates, divisions, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, partners, consultants, managers, and representatives (whether in their corporate or individual capacities), and all persons acting by, through, under or in concert with any of them, whether past, present or future (collectively "Released Parties"), from any and all allegations, claims, demands, rights, charges, actions, causes of action, liabilities, damages, costs, attorneys' fees and expenses, whether known or unknown, which were asserted or which could have been asserted in the Litigation and which are based on, related to, or arise from the alleged failure by Defendants to properly compensate Plaintiff for all hours worked. This release specifically includes all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as well as all other federal, state, local, statutory or common laws relating to the alleged failure by Defendants to compensate Plaintiff for all time worked.

  3. **Court Approval.**  All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. All Parties agree that they will set the joint motion for hearing as soon as possible, if necessary. After the court approves the settlement of this Litigation, Defendants will transmit the payments required under paragraphs 1 a. and b. to Plaintiff's counsel within seven (7) business days. If the District Court does not approve this Agreement, it shall be void *ab initio*.

  4. **Dismissal of Action.**

    a. Upon judicial approval of the Agreement and Plaintiff's receipt of the payments required under paragraphs 1 a. and b., the Parties, through counsel of record, agree to fully execute and file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit 1, with the court within two (2) business days.

b. Plaintiff represents that as of the date Plaintiff signs this Agreement, he has not filed or initiated, or caused to be filed or initiated, any complaint, claim, action or lawsuit of any kind against any of the Released Parties in any federal, state or local court or agency other than the Litigation. Plaintiff agrees not to initiate or file, or cause to be initiated or filed, any action, lawsuit, complaint or proceeding asserting any of the claims released by this Agreement against any of the Released Parties. Plaintiff further agrees not to be a member of any class or collective action in any court or in any arbitration proceeding seeking relief against the Released Parties based on claims released by this Agreement, and that even if a court or arbitrator rules that Plaintiff may not waive a claim released by this Agreement, Plaintiff will not accept any money damages or other relief. Plaintiff agrees to promptly reimburse Defendants for any legal fees that Defendants incur as a result of any breach of this paragraph by Plaintiff.

5. **Execution.** This Agreement shall become effective upon its approval by the court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument. Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

6. **Entire Release.** Plaintiff affirms that the only consideration for his decision to execute and his execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused him to execute the Agreement; that he has been advised to and has consulted with his attorneys regarding the terms, conditions and the final and binding effect of this Agreement; and he understands the meaning of the Agreement and its final and binding effect.

7. **Severability.** Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable. Notwithstanding the foregoing sentence, if Paragraphs 1 or 2 are found to be invalid by a court of competent jurisdiction, the entire Agreement is invalid.

8. **Amendments.** Any modification or change to this Agreement must be made in writing and signed by all Parties.

9. **Construction.** The language contained in this Agreement shall be deemed to be approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

10. **Governing Law.** This Agreement is executed in the State of Georgia and all terms of this Agreement shall be governed and construed pursuant to the laws of the State of Georgia.

The Parties further warrant and represent as follows: **I HAVE CAREFULLY READ AND FULLY UNDERSTAND THE PROVISIONS OF THIS AGREEMENT INCLUDING PLAINTIFF'S WAIVER OF CLAIMS AGAINST EMPIRE PARKING SERVICES, INC., WILLIAM H. SCHMEELK, III AND THE RELEASEES. I HAVE ENTERED INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AS AN ACT OF MY OWN FREE WILL AND HAVE NOT RELIED UPON ANY OTHER REPRESENTATION OR STATEMENT, WRITTEN OR ORAL. I HAVE HAD AN OPPORTUNITY TO CONSULT WITH AN ATTORNEY AND, IF NECESSARY, WITH OTHER PERSONAL ADVISORS OF MY CHOOSING, PRIOR TO EXECUTING THIS AGREEMENT AND WAIVING ANY AND ALL CLAIMS, AND I HAVE HAD SUFFICIENT TIME AND OPPORTUNITY TO DO SO.**

[SIGNATURES ON FOLLOWING PAGES]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release consisting of nine (9) pages effective April __, 2013.

**ACCEPTED AND AGREED BY WESLEY GARDNER**

By: _____
Wesley Gardner

Sworn to and subscribed
before me this ___ day
of April 2013.

_____
NOTARY PUBLIC

My Commission Expires: _____.

**SO AGREED AND APPROVED BY KEVIN D. FITZPATRICK, JR.:**

By: _____
Kevin D. Fitzpatrick, Jr.
DeLong Caldwell Bridgers & Fitzpatrick, LLC

ACCEPTED AND AGREED BY EMPIRE PARKING SERVICES, INC.

EMPIRE PARKING SERVICES, INC.

By: _____

Its: __Principal_____

Sworn to and subscribed
before me this 29th day
of April 2013.

_Ellen S. Dickerson_
NOTARY PUBLIC

My Commission Expires: __MY COMMISSION EXPIRES SEPTEMBER 26, 2015__


ACCEPTED AND AGREED BY WILLIAM H. SCHMEELK, III.

By: _____
    WILLIAM H. SCHMEELK, III.

Sworn to and subscribed
before me this 29 day
of April 2013.

_Ellen S. Dickerson_
NOTARY PUBLIC

My Commission Expires: __MY COMMISSION EXPIRES SEPTEMBER 26, 2015__

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WESLEY GARDNER,<br><br>          Plaintiff,<br><br>v.<br><br>EMPIRE PARKING SERVICES,<br>INC. and WILLIAM H. SCHMEELK,<br>III.,<br><br>          Defendants. | CIVIL ACTION FILE NO.<br>1:13-CV-00282-CAP |

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the parties, by and through their undersigned counsel of record, hereby stipulate and agree to the dismissal with prejudice of the above-captioned action. Except as otherwise agreed between the parties, each party shall bear its own attorneys' fees and costs.

Respectfully submitted, this ___ day of May, 2013.

| | |
|---|---|
| s/ Kevin D. Fitzpatrick, Jr.<br>Kevin D. Fitzpatrick, Jr.<br>Georgia Bar No. 262375<br>Charles R. Bridgers<br>Georgia Bar No. 080791<br><br>DELONG CALDWELL BRIDGERS<br>& FITZPATRICK, LLC | s/ Laura R. Anthony<br>Stanford G. Wilson<br>Georgia Bar No. 769175<br>Laura R. Anthony<br>Georgia Bar No. 158667<br><br>ELARBEE, THOMPSON, SAPP &<br>WILSON, LLP |

| | |
|---|---|
| 3100 Centennial Tower | 800 International Tower |
| 101 Marietta Street | 229 Peachtree Street, N.E. |
| Atlanta, Georgia  30303 | Atlanta, Georgia  30303 |
| (770) 979-3150 | (404) 659-6700 |
| (770) 979-3170 (Fax) | (404) 222-9718 (facsimile) |
| kevin.fitzpatrick@dcbflegal.com | lail@elarbeethompson.com |
| charlesbridgers@dcbflegal.com | anthony@elarbeethompson.com |
| | |
| Attorneys for Plaintiff | Attorneys for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WESLEY GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:13-CV-00282-CAP |
| | ) | |
| EMPIRE PARKING SERVICES, INC. and WILLIAM H. SCHMEELK, III., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May___, 2013, I electronically filed a true and correct copy of the parties' **STIPULATION OF DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/EMF system which will automatically send email notification of such filing, constituting service, to the following attorneys of record:

Charles R. Bridgers
Kevin D. Fitzpatrick, Jr.

s/ Laura R. Anthony
Georgia Bar No. 158667

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 659-6700
(404) 222-9718 (Facsimile)
lail@elarbeethompson.com

Attorney for Defendants